# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MISTY HUMBOLT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:15-CV-415 |
| ) | |
| JEFFERSON COUNTY, MISSOURI and ) | **JURY TRIAL DEMANDED** |
| MATTHEW HAMPTON, *in his individual* ) | |
| *capacity*, ) | |
| ) | |
| Defendants. ) | |

## PLAINTIFF'S COMPLAINT

COMES NOW Plaintiff Misty Humbolt (hereinafter "Plaintiff"), by and through her attorney, and for her Complaint against Defendant Jefferson County, Missouri (hereinafter "Defendant Jefferson County") and Defendant Matthew Hampton (hereinafter "Defendant Hampton") and respectfully states to this Honorable Court the following:

1. This is a civil action arising under 42 U.S.C. § 1983 and common law avenues of recovery for deprivations of Plaintiff's rights and for state law claims against all Defendants.

2. Plaintiff sues Defendant Hampton in his individual capacity.

### JURISDICTION

3. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and § 1343. The supplemental jurisdiction of this Court to hear and decide claims arising out of state law is invoked pursuant to 28 U.S.C. § 1367.

### VENUE

4. Venue is proper under 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(b)(2).

5. Defendant Jefferson County is a political subdivision of the State of Missouri acting

under color of State law, and is a person for purposes of a 42 U.S.C. § 1983 action of damages.

6. Defendant Hampton, at all times relevant herein, was a Jefferson County police officer working under the direction and control of Defendant Jefferson County.

## COLOR OF STATE LAW

7. At all relevant times, Defendant Hampton acted under color of state law.

8. Particularly, Defendant Hampton acted under color of the laws, statutes, ordinances, regulations, policies, customs and usages of the State of Missouri, and its political subdivisions.

### Waiver of Sovereign Immunity

9. Upon information and belief, at the relevant time, Defendant Jefferson County had purchased and had in effect a policy of insurance to insure itself against claims or causes of action for damages caused by city employees engaged in government functions, including torts as described herein.

10. The purchase of that insurance constitutes a waiver of sovereign immunity by Defendant Jefferson County[1].

## FACTUAL BACKGROUND

11. On March 3, 2012, Plaintiff was at a friend's residence at 39 Philip Drive in Arnold, Missouri.

12. Plaintiff was involved in an altercation with a friend and the Jefferson County Sheriff's Department was contacted.

13. Defendant Hampton arrived at 39 Philip Drive in Arnold, Missouri with Deputy Micah Nelson (hereinafter "Deputy Nelson").

14. Plaintiff spoke with Defendant Hampton and Deputy Nelson after they arrived.

15. At the time Defendant Hampton and Deputy Nelson arrived, the altercation between

---

[1] RSMo. § 71.180 and/or § 537.610.

Plaintiff and Plaintiff's friend had ceased several minutes prior.

16. Plaintiff was placed under arrest for assault in the third degree.

17. Plaintiff was handcuffed and placed in the backseat of Defendant Hampton's vehicle on the passenger side.

18. Deputy Nelson also entered the backseat of Defendant Hampton's vehicle on the driver side, next to Plaintiff.

19. Defendant Hampton entered and sat in the driver seat of his vehicle.

20. Before leaving the scene, Plaintiff asked Deputy Nelson if she could urinate and told Deputy Nelson that it was an emergency that she had to urinate because she had a medical condition that prevented her from refraining to urinate.

21. Deputy Nelson relayed this information to Defendant Hampton and Defendant Hampton said no she could not urinate before they departed the scene.

22. Plaintiff then urinated on herself and on the backseat of Defendant Hampton's vehicle.

23. Plaintiff then told Deputy Nelson that she urinated.

24. Deputy Nelson told Defendant Hampton that Plaintiff just urinated in his vehicle.

25. Defendant Hampton exited the driver side of his vehicle and walked to the passenger door to the backseat of his vehicle.

26. Defendant Hampton opened the passenger door to the backseat of his vehicle.

27. Defendant Hampton then punched Plaintiff directly in her face; in her nose/eyes area.

28. Defendant Hampton then drove Plaintiff to the Jefferson County jail.

29. Upon being released from the Jefferson County jail, an ambulance picked Plaintiff

up at the jail and took Plaintiff to Jefferson Memorial Hospital.

30. Plaintiff bled excessively and had blood all over her clothes.

31. Plaintiff suffered an orbital fracture, severe bruising to her eyes and nose area and severe immediate swelling.

32. Because of the severity of Plaintiff's injuries, Plaintiff was transferred from Jefferson Memorial Hospital to Barnes Jewish Hospital.

## COUNT I
## VIOLATION OF CIVIL RIGHTS – EXCESSIVE FORCE
## 42 U.S.C. § 1983 AND FOURTH AMENDMENT
## AGAINST DEFENDANT MATTHEW HAMPTON
## FOR COMPENSATORY DAMAGES, PUNITIVE DAMAGES
## AND ATTORNEY'S FEES

33. Plaintiff re-alleges all of the preceding paragraphs as if set forth fully herein.

34. Defendant Hampton used excessive and unreasonable force when he punched Plaintiff in her face.

35. The right to be free from excessive force is clearly established[2].

36. At the time of the use of excessive force by Defendant Hampton, Plaintiff had not committed a serious crime.

37. At the time of the use of excessive force by Defendant Hampton, Plaintiff presented no threat to the safety of the officers or others.

38. At the time of the use of excessive force by Defendant Hampton, Plaintiff was not actively resisting arrest.

39. At the time of the use of excessive force by Defendant Hampton, Plaintiff was not attempting to evade arrest by flight[3].

40. Defendant Hampton used greater force than was necessary in light of the facts and

---

[2] Howard v. Kansas City Police Dept., 570 F.3d 984, 991 (8th Cir. 2009).
[3] Kukla v. Hulm, 310 F.3d 1046, 1050 (8th Cir. 2002).

circumstances confronting him[4].

41. Defendant Hampton acted in a manner, which was objectively unreasonable.

42. A reasonable officer, without the benefit of 20/20 hindsight, would not have used such force under similar circumstances[5].

43. This case is not in a "hazy border", but is unequivocal[6].

44. The actions of Defendant Hampton violated Plaintiff's civil rights under the Fourth Amendment and under 42 U.S.C. § 1983, particularly including, her right to be safe from the use of excessive force[7].

### Compensatory Damages

45. Under 42 U.S.C. § 1983, Plaintiff is entitled to an award of compensatory damages against Defendant Hampton, in his individual capacity.

### Punitive Damages

46. Defendant Hampton's actions against Plaintiff were reckless.

47. Defendant Hampton's actions against Plaintiff showed callous indifference toward the rights of Plaintiff.

48. Defendant Hampton's actions against Plaintiff were taken in the face of a perceived risk that the actions would violate federal law.

49. Plaintiff is entitled to an award of punitive damages against Defendant Hampton, in his individual capacity, in order to punish him and to deter others.

### Attorney's Fees

50. Under 42 U.S.C. § 1988, if Plaintiff is the prevailing party in this litigation, then she will be entitled to receive an award of reasonable attorney's fees, non-taxable expenses and costs.

---

[4] Id.
[5] Rahn v. Hawkins, 2006 WL 2707643 (8th Cir. 2006).
[6] Saucier v. Katz, 533 U.S. 194, 206 (2001).
[7] McGruder v. Heagwood, 197 F.3d 918, 919 (8th Cir. 1999).

WHEREFORE, Plaintiff prays for judgment under 42 U.S.C. § 1983 and 1988 against Defendant Matthew Hampton in his individual capacity for compensatory damages in a fair and reasonable amount, for punitive damages, for reasonable attorney's fees, for and non-taxable expenses, for costs, and Plaintiff prays for such other relief as may be just under the circumstances and consistent with the purpose of 42 U.S.C. § 1983.

**COUNT II**
**VIOLATION OF CIVIL RIGHTS**
**42 U.S.C. § 1983 AND FOURTEENTH AMENDMENT AGAINST**
**DEFENDANT JEFFERSON COUNTY, MISSOURI**
**FOR COMPENSATORY DAMAGES AND ATTORNEY'S FEES**

51.  Plaintiff re-alleges all of the preceding paragraphs as if set forth fully herein.

**Compensatory Damages**

**1st Basis of Municipal Liability**

**Delegation to Defendant Hampton**

52.  As the first basis for liability against Defendant Jefferson County, the policy maker for Defendant Jefferson County is an aldermanic board, the mayor, or someone else, and that person delegated full authority and/or empowered Defendant Hampton to make policy.

53.  The delegation of authority by the actual policy maker of Defendant Jefferson County placed Defendant Hampton in a policy making position, and acts of Defendant Jefferson County to liability for the constitutional violations committed by Defendant Hampton.

**2nd Basis of Municipal Liability – Failure to Train, Supervise, Control**

54.  As the second basis for liability against Defendant Jefferson County, Defendant Jefferson County failed to properly hire, train, supervise, control and/or discipline Defendant Hampton.

55.  Defendant Jefferson County was thus deliberately indifferent to the rights of others in adopting its hiring and training practices, and in failing to supervise, control and/or discipline

6

Defendant Hampton, such that those failures reflected a deliberate or conscious choice by Defendant Jefferson County[8].

56.    Those deficiencies caused Plaintiff damages[9].

57.    In light of the fact that it was Defendant Hampton who engaged in the constitutional violations, the need to correct deficiencies is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of Defendant Jefferson County can reasonably be said to have been deliberately indifferent to the need[10].

58.    If Defendant Jefferson County had properly hired, trained, supervised, controlled and/or disciplined Defendant Hampton, the constitutional violations committed by Defendant Hampton would not have occurred.

59.    These failures by Defendant Jefferson County to hire, train, supervise, control and/or discipline Defendant Hampton subject Defendant Jefferson County to liability for the constitutional violations committed by Defendant Hampton.

### 3rd Basis of Municipal Liability – Pattern of Transgressions

60.    As the third basis for liability against Defendant Jefferson County, the acts of Defendant Hampton were part of a pattern of transgressions, of which Defendant Jefferson County knew or should have known.

61.    The failure of Defendant Jefferson County to act proactively to prevent such a pattern of transgressions, and particularly to prevent the constitutional violations outlined herein, establishes the policy of Defendant Jefferson County to condone or otherwise tolerate such constitutional violations.

62.    Defendant Jefferson County thus had a "policy or custom" of failing to act upon prior similar complaints of unconstitutional conduct, of which they knew or should have known,

---

[8] City of Canton v. Harris, 489 U.S. 378, 389 (1989).
[9] Larson By Larson v. Miller, 76 F.3d 1446, 1454 (8th Cir. 1996).
[10] Andrews v. Fowler, 98 F.3d 1069, 1076 (8th Cir. 1996).

which caused the constitutional injuries at issue.

63. There was a prior pattern of unconstitutional conduct so "persistent and widespread" as to have the effect and force of law[11].

64. Defendant Jefferson County's failure amounted to deliberate indifference to the rights of persons with whom Defendant Hampton came in contact, particularly including Plaintiff.

65. Those failures by Defendant Jefferson County to act proactively to prevent these constitutional violations subject Defendant Jefferson County to liability for the constitutional violations committed by Defendant Hampton.

66. Under 42 U.S.C. § 1983, Plaintiff is entitled to an award of compensatory damages against Defendant Jefferson County.

### Attorney's Fees

67. Under 42 U.S.C. § 1988, if Plaintiff is the prevailing party in this litigation, then she will be entitled to receive an award of reasonable attorney's fees, non-taxable expenses and costs.

WHEREFORE, Plaintiff prays for judgment under 42 U.S.C. § 1983 and 1988 against Defendant Jefferson County, Missouri for compensatory damages in a fair and reasonable amount, for reasonable attorney's fees, and non-taxable expenses, for costs and such other relief as may be just under the circumstances and consistent with the purpose of 42 U.S.C. § 1983.

### COUNT III
### VIOLATION OF CIVIL RIGHTS
### 42 U.S.C. § 1983, *RESPONDEAT SUPERIOR* AGAINST
### DEFENDANT JEFFERSON COUNTY, MISSOURI
### FOR COMPENSATORY DAMAGES AND ATTORNEY'S FEES

68. Plaintiff re-alleges all of the preceding paragraphs as if set forth fully herein.

69. At all relevant times Defendant Hampton was serving as an employee of Defendant

---

[11] Andrews v. Fowler, 98 F.3d 1069, 1074-75 (8th Cir. 1996), *citing* Monell v. Dept. of Social Services, 436 U.S. 658, 694 (1978).

Jefferson County as a police officer.

70. At all relevant times Defendant Hampton was engaging in a government function.

71. At all relevant times Defendant Hampton was acting within the course and scope of that employment.

72. Defendant Jefferson County is liable under a theory of *respondeat superior*[12].

73. The actions of Defendant Hampton caused Plaintiff to suffer the damages outlined herein.

## Compensatory Damages

74. Under 42 U.S.C. § 1983, Plaintiff is entitled to an award of compensatory damages against Defendant Jefferson County.

## Attorney's Fees

75. Under 42 U.S.C. § 1988, if Plaintiff is the prevailing party in this litigation, then she will be entitled to receive an award of reasonable attorney's fees, non-taxable expenses and costs.

WHEREFORE, Plaintiff prays for judgment under 42 U.S.C. § 1983 and 1988 against Defendant Jefferson County, Missouri for compensatory damages in a fair and reasonable amount, for reasonable attorney's fees, and non-taxable expenses, for costs and such other relief as may be just under the circumstances and consistent with the purpose of 42 U.S.C. § 1983.

### SUPPLEMENTAL MISSOURI STATE CLAIMS

### COUNT IV
### ASSAULT
### AGAINST DEFENDANT MATTHEW HAMPTON
### FOR COMPENSATORY AND PUNITIVE DAMAGES, AND
### AGAINST DEFENDANT JEFFERSON COUNTY, MISSOURI
### FOR COMPENSATORY DAMAGES ONLY

76. Plaintiff re-alleges all of the preceding paragraphs as if set forth fully herein.

---

[12] Plaintiff makes this claim based on the dissent of Justice Breyer in Board of County Com'rs of Bryan County, Okl. v. Brown, 520 U.S. 397, 416 (1997).

77. Defendant Hampton's punching Plaintiff in her face constituted an assault[13].

78. Defendant Hampton's punching Plaintiff in her face was unlawful and unjustified.

79. Defendant Hampton had the apparent present ability to injure Plaintiff and to complete the assault (and did in fact injure Plaintiff).

80. Plaintiff sustained damages as a result of the assault[14].

81. Plaintiff is entitled to compensatory and punitive damages for assault against Defendant Hampton.

82. At the time of the assault of Plaintiff, Defendant Hampton was ostensibly acting (even though improperly) to benefit his employer's policing function.

83. Defendant Hampton's actions were therefore within the scope of his employment.

84. Defendant Jefferson County is therefore liable under a theory of *respondeat superior*[15].

WHEREFORE, Plaintiff prays for judgment for assault against Defendant Matthew Hampton in his individual capacity for compensatory damages in a fair and reasonable amount, for punitive damages and for costs, and prays for judgment for assault against Defendant Jefferson County, Missouri under a theory of *respondeat superior* for compensatory damages in a fair and reasonable amount and Plaintiff prays for such other relief this Court deems just and proper under the circumstances.

---

[13] Armoneit v. Ezell, 59 S.W.3d 628, 632 (Mo. Ct. App. 2001).
[14] Hall v. Martindale, 166 S.W.2d 594 (Mo. App. 1942).
[15] Clark v. Skaggs Companies, Inc., 724 S.W.2d 545, 550 (Mo. App. 1986).

# COUNT V
# BATTERY
# AGAINST DEFENDANT MATTHEW HAMPTON
# FOR COMPENSATORY AND PUNITIVE DAMAGES, AND
# AGAINST DEFENDANT JEFFERSON COUNTY, MISSOURI
# FOR COMPENSATORY DAMAGES ONLY

85. Plaintiff re-alleges all of the preceding paragraphs as if set forth fully herein.

86. Defendant Hampton's punching Plaintiff in her face constituted battery[16].

87. Defendant Hampton's punching Plaintiff in her face was unlawful and unjustified.

88. Plaintiff sustained damages as a result of the battery[17].

89. Plaintiff is entitled to compensatory and punitive damages for battery against Defendant Hampton.

90. At the time of the battery of Plaintiff, Defendant Hampton was ostensibly acting (even though improperly) to benefit his employer's policing function.

91. Defendant Hampton's actions were therefore within the scope of his employment.

92. Defendant Jefferson County is therefore liable under a theory of *respondeat superior*[18].

WHEREFORE, Plaintiff prays for judgment for battery against Defendant Matthew Hampton in his individual capacity for compensatory damages in a fair and reasonable amount, for punitive damages and for costs, and prays for judgment for battery against Defendant Jefferson County, Missouri under a theory of *respondeat superior* for compensatory damages in a fair and reasonable amount and Plaintiff prays for such other relief this Court deems just and proper under the circumstances.

---

[16] Armoneit, 59 S.W.3d at 632.
[17] Hall v. Martindale, 166 S.W.2d 594 (Mo. App. 1942).
[18] Clark v. Skaggs Companies, Inc., 724 S.W.2d 545, 550 (Mo. App. 1986).

Respectfully submitted,

SCHOTTEL & ASSOCIATES, P.C.

BY: s/*James W. Schottel, Jr.*
      James W. Schottel, Jr.    #51285MO
      906 Olive St., PH
      St. Louis, MO 63101
      (314) 421-0350
      (314) 421-4060 facsimile
      jwsj@schotteljustice.com

      Attorney for Plaintiff
      Misty Humbolt