UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MISTY HUMBOLT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:15CV415 SNLJ |
| | ) |
| JEFFERSON COUNTY, MISSOURI, and | ) |
| MATTHEW HAMPTON, in his individual | ) |
| capacity, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant Jefferson County's motion to dismiss counts II and III. The motion has been fully briefed and the matter is ripe for disposition.

**I.    Background**

Plaintiff Misty Humbolt filed this action pursuant to 42 U.S.C. § 1983 against defendants Jefferson County, Missouri and Matthew Hampton, in his individual capacity, for claims arising out of an arrest on March 3, 2012. Plaintiff alleges that defendant Hampton, who was at the time a Jefferson County Sheriff's Deputy, punched her in the face while transporting her to the Jefferson County jail. Plaintiff asserts claims of excessive force, assault and battery. Additionally, as to Jefferson County, she asserts claims for "municipal liability" on the basis of alleged delegation to Hampton to make policy, failure to train, supervise, and control Hampton, a policy or custom of failing to act upon prior similar complaints of unconstitutional behavior, and respondeat superior liability for Hampton's actions.

## II. Motion to Dismiss Standard

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and deigned to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (citing *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)). "To survive a motion to dismiss, a claim must be facially plausible, meaning that the 'factual content . . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Cole v. Homier Dist. Co., Inc.*, 599 F.3d 856, 861 (8th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court must "accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Id.* (quoting *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005)). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster. *Iqbal*, 556 U.S. at 678.

## III. Discussion

### A. Count II

Defendant Jefferson County moves to dismiss the claims in count II of the complaint for failure to state a claim arguing plaintiff failed to plead any factual allegations and, instead, merely plead legal conclusions. Plaintiff rests her claim for municipal liability against Jefferson County on three alternate grounds: (1) delegation of final policy making authority to Hampton, (2) a policy or custom of failing to act upon prior similar complaints of unconstitutional behavior, and (3) failure to adequately train

and/or supervise Hampton. Section 1983 liability for a constitutional violation may attach to a municipality if the violation resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise. *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 690-91 (1978); *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388-89 (1989).

"A plaintiff may establish municipal liability under § 1983 by proving that his or her constitutional rights were violated by an action pursuant to official municipal policy or misconduct so pervasive among non-policymaking employees of the municipality as to constitute a custom or usage with the force of law." *Ware v. Jackson Cnty., Mo.*, 150 F.3d 873, 880 (8th Cir. 1998) (internal quotation marks and citation omitted). "[I]n order to state a viable § 1983 claim [ ], plaintiff is required to plead facts sufficient to show at least an inference that [her] constitutional rights were violated as a result of action taken pursuant to an official policy, or as a result of misconduct so pervasive among non-policymakers as to constitute a widespread custom and practice with the force of law." *Davis v. St. Louis County, Mo.*, 4:14CV1563 CAS, 2015 WL 758218, at *12 (E.D. Mo. Feb. 23, 2015) (citation omitted).

Plaintiff, however, has failed to plead facts in the complaint that would demonstrate the existence of either an official policy or widespread custom that caused a constitutional deprivation. All the facts alleged relate to the actions of the individual defendant. Plaintiff's allegations concerning an official policy or custom are mere labels and conclusions, which are inadequate to state a claim. *Twombly*, 550 U.S. at 555; *Davis*, 2015 WL 758218, at *12.

A municipality may also be liable under § 1983 if it failed to properly supervise or train an offending employee who caused a deprivation of constitutional rights, but only if the failure to train or supervise rises to the level of deliberate indifference to the rights of others or tacit authorization of the offensive acts. *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 380 (1989) (failure to train); *Liebe v. Norton*, 157 F.3d 574, 579 (8th Cir.1998) (failure to supervise). To state a viable § 1983 claim that defendant failed to train or supervise Hampton, plaintiff must plead facts sufficient to show that (1) Jefferson County's training or supervision of Hampton was inadequate; (2) it was deliberately indifferent to the rights of others in adopting its training or supervision practices, and its failure to train or supervise was a result of deliberate and conscious choices it made; and (3) its alleged training or supervision deficiencies caused plaintiff's constitutional deprivation. *Davis*, 2015 WL 758218, at *13 (citing *Ulrich v. Pope County*, 715 F.3d 1054, 1061 (8th Cir. 2013)).

Plaintiff alleges no facts in her complaint to make this showing. Plaintiff merely alleges that defendant "failed to properly hire, train, supervise, control and/or discipline defendant Hampton" but points to no facts to support this assertion other than the allegations of Hampton's alleged unconstitutional act in this matter. Plaintiff further fails to provide facts in her complaint to support her assertion that defendant adopted deficient supervision or training practices with deliberate indifference to the constitutional rights of others, or that the supervision or training practices were the product of defendant's deliberate and conscious choices. Instead, plaintiff merely alleges those legal

4

conclusions, which are inadequate to state a claim. *Twombly*, 550 U.S. at 555; *Davis*, 2015 WL 758218, at *13.

In the absence of any factual allegations supporting the claims plaintiff purports to make in count II against defendant Jefferson County, there is no basis to hold Jefferson County liable under § 1983. As a result, defendant's motion will be granted as to count II. The claim stated in count II will be dismissed.

### B. Count III

Defendant moves to dismiss the claim in count III of the complaint for failure to state a claim because there is no respondeat superior liability under 42 U.S.C. §1983. In count III of the complaint, plaintiff alleges that defendant Jefferson County is liable under the theory of respondeat superior for the actions of its employee, defendant Hampton. It is well established that § 1983 will not support a claim based on a respondeat superior theory of liability. *Board of County Com'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397, 403 (1997) (holding "[w]e have consistently refused to hold municipalities liable under a theory of respondeat superior."); *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 691 (1978) (holding "the language of § 1983 . . . compels the conclusion that Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort. In particular, we conclude that a municipality cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory.)." Plaintiff acknowledges the law as stated in *Brown* and *Monell* but states she

seeks to preserve the issue for appeal.  Defendant's motion will be granted as to count III.  The claim stated in count III will be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Jefferson County's motion to dismiss counts II and III (ECF # 5) is **GRANTED**.  The claims in counts II and III are dismissed without prejudice for failure to state a claim upon which relief may be granted.

Dated this 3rd day of June, 2015.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE